UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────

IAN MUNROE,

                              Petitioner,

        v.

                                                        9:12-CV-0765
                                                        (GLS)

J. LEMPKE,

                              Respondent.

─────────────────────────────────

APPEARANCES:

IAN MONROE
00-A-3183
Petitioner pro se
Riverview Correctional Facility
P.O. Box 247
Ogdensburg, NY 13669

HON. ERIC T. SCHNEIDERMAN            PRISCILLA I. STEWARD, ESQ.
New York State Attorney General      Ass't Attorney General
Attorney for Respondent
120 Broadway
New York, NY 10271

GARY L. SHARPE
Chief United States District Judge

## DECISION and ORDER

## I.    INTRODUCTION

        Petitioner Ian Monroe, a New York State prison inmate as a result of a 2000 conviction

of first degree rape and related charges, seeks a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254.  Dkt. No. 1, Petition ("Pet.") at 6-12.  Respondent has filed an answer to the petition,

together with a memorandum of law and the pertinent state court records.  Dkt. No. 13,

Answer; Dkt. No. 13-1, Respondent's Memorandum of Law ("R. Mem."); Dkt. No. 14, State

Court Records.

Also pending before the court is petitioner's motion to amend his petition to include a claim that the Department of Corrections and Community Supervision ("DOCCS") unlawfully added a term of post-release supervision to his sentence and, as a result, he is being improperly detained based upon a violation of that post-release supervision.  Dkt. No. 21, Motion to Amend, at 5; Dkt. No. 22, Notice of Decision and Order in 9:13-CV-0550. Respondent opposes the motion, and petitioner has filed a reply.  Dkt. No. 23, Respondent's Letter Opposing Motion to Stay (R. Letter); Dkt. No. 24, Reply.

For the reasons that follow, petitioner's motion to amend the petition is denied, and his petition is denied and dismissed.


## II.    BACKGROUND

### A.    State Court Proceedings

Petitioner challenges a 2000 judgment of conviction in Clinton County Court, following a jury trial, of first degree rape, eleven counts of first-degree sexual abuse, ten counts of first degree sodomy, and one count of endangering the welfare of a child.  Pet. at 2; R. Mem. at 9; Dkt. No. 14-4, Trial Tr. at 901-907.  The Appellate Division, Third Department, briefly summarized the facts of this case:

> A grand jury indicted defendant, charging him with numerous counts of sexual abuse in the first degree, sodomy in the first degree, rape in the first degree and endangering the welfare of a child. The charges arose from defendant's abuse of his stepdaughter over a 1 1/2-year period. At a *Huntley* hearing, defendant asserted that a statement that he gave to the police in October 1999 should be suppressed because his waiver of his *Miranda* rights was not knowing and voluntary. In the statement, defendant admitted that in November 1997, he was arrested and placed on probation for hitting the

then-seven-year-old victim with a belt, leaving marks on her. Defendant stated that thereafter he was afraid to leave marks on the victim again, so he punished her by pushing his finger or penis into her rectum, putting his penis into her mouth or placing his finger in her vagina. He further admitted that these incidents took place at the family's home when no one else was present except defendant's three-year-old daughter.

*People v. Munroe*, 307 A.D.2d 588, 588-89 (3d Dep't. 2003).  The specific facts are known to the parties and will be repeated only to the extent necessary to address petitioner's claims.

On June 19, 2000, petitioner was sentenced to serve an aggregate determinate term of sixteen years in prison.  Dkt. No. 14-4, Sentencing Transcript at 11-13.  He appealed to the Appellate Division, Third Department, arguing that: (1) the trial court lacked jurisdiction to try petitioner; (2) the victim was not competent to testify under oath; (3) the nurse practitioner was not qualified to give an expert opinion; (4) his statements to police should have been suppressed; and (5) the verdict was against the weight of the evidence, and the evidence was insufficient.  Dkt. No. 14-2, Exhibit B, Appellate Brief at 12-20.  The Appellate Division affirmed.  *Munroe*, 307 A.D.2d at 588-92.  The New York Court of Appeals denied leave to appeal on October 9, 2003.  *Munroe*, 100 N.Y.2d 644 (2003).

On November 9, 2011, petitioner moved to vacate his conviction pursuant to New York Criminal Procedure Law ("CPL") § 440.10, on the ground that trial counsel was ineffective for failing to: (1) conduct an adequate pretrial investigation, including interviewing and preparing witnesses for the suppression hearing and trial; (2) consult with a medical expert; (3) establish petitioner's credibility and properly attack the victim's credibility; (4) present evidence of the victim's motive to falsely accuse petitioner; (5) present evidence that someone else may have abused the victim; (6) establish that the prosecutor engaged in misconduct by coaching the victim; and (7) seek a mistrial or object to misconduct committed

3

by the trial court.  Dkt. No. 14-2, Exhibit G, Affidavit in Support of Motion to Vacate

Judgment.  On January 23, 2012, the Clinton County Court denied petitioner's motion.  Dkt.

No. 14-2, Exhibit J, Decision and Order, McGill, J., at 1-5.  On April 9, 2012, the Appellate

Division denied petitioner leave to appeal.  Dkt. No. 14-3, Exhibit M, Order Denying Leave.

### B.    Proceedings in this court

On May 7, 2012, petitioner filed his federal habeas petition.[1]  He argues that trial

counsel was ineffective for failing to: (1) interview and prepare witnesses and investigate

petitioner's claim that he was ill and taking medication when he gave his statement to police;

(2) interview witnesses and conduct an investigation in preparation for trial; (3) investigate

petitioner's theory that the victim was abused by someone else; (4) consult with medical

experts to contradict the victim's claims of abuse; (5) impeach the victim with her grand jury

testimony; and (6) ask for a mistrial when the trial judge improperly sustained its own

objections during petitioner's direct testimony.  Pet. at 6-11 and attached handwritten pages.

Based upon an initial review of the petition, it appeared to be untimely.  Dkt. No. 3,

Decision and Order, May 29, 2012 at 3-7.  Petitioner was directed to file an affirmation

explaining why his petition should not be dismissed as time-barred.  *Id.*  Petitioner filed the

required affirmation, and respondent was directed to answer the petition.  Dkt. No. 4,

Affirmation; Dkt. No. 5, Decision and Order, Jun. 21, 2012.  On October 24, 2012,

respondent filed an answer to the petition, a memorandum of law, and the relevant state

court records.  Dkt. No. 13, Answer; Dkt. No. 13-1, R. Mem.; Dkt. No. 14, State Court

---

[1]  Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing.  *Houston v. Lack*, 487 U.S. 266, 270 (1988); *Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir. 2001).  The petition was given to prison officials on May 7, 2012, and was post-marked the same day.  Pet. at 16; Dkt. No. 1-1, Envelope.

4

Records.

On May 15, 2013, petitioner filed a separate section 2254 habeas petition in this court in which he appeared to be challenging the same 2000 judgment of conviction at issue in this case. *Munroe v. Tedford*, No. 9:13-CV-0550 (LEK/ATB), Dkt. No. 1.  In that petition, petitioner argued that DOCCS improperly administratively added post-release supervision to his sentence. *Id.* at 5.  The petition was treated as a motion to amend petitioner's pending habeas petition, and was filed as a motion to amend in this action, because petitioner's original petition had not yet been decided.  Dkt. No. 3, Decision and Order, May 15, 2013; Munroe, No. 9:12-CV-0765, Dkt. No. 22, Notice of Decision in 9:13-CV-550.  Respondent opposes the motion to amend, and petitioner has filed a reply.  Dkt. No. 23, Respondent's Letter in Opposition to Motion to Stay ("R. Letter"); Dkt. No. 24, Reply.

III.    **MOTION TO AMEND**

   A.    **Standard of Review**

Motions to amend habeas petitions are governed by Rule 15 of the Federal Rules of Civil Procedure. *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001); *Fama v. Comm'r of Corr. Servcs.*, 235 F.3d 804, 815-16 (2d Cir. 2000).  A party may amend a petition after a responsive pleading has been filed only if the respondent consents in writing or by leave of the court.  Fed. R. Civ. P. 15 (a)(2).  Leave to amend should be freely given "when justice so requires." *Id.*; *Littlejohn*, 271 F.3d at 363.  A court may deny a motion to amend where the proposed amendment would be futile. *O'Hara v. Weeks Marine*, *Inc.*, 294 F.3d 55, 69 (2d Cir. 2002).

5

## B.    The Motion

In his motion, petitioner states that when he was sentenced, the sentencing court imposed a determinate sentence with no postrelease supervision.  Dkt. No. 21, Motion at 5. Petitioner states that although an attempt was made in April 2011 to correct his sentence to include post-release supervision, "they were beyond the 30 days given between when the Judge was notified I had no PRS, and the time [he] had to be before him," so no post-release supervision was ever added to his sentence. *Id.*

Petitioner was conditionally released from custody on August 16, 2012, after signing a Certificate of Release to Parole Supervision indicating that he was subject to a period of post-release supervision.  Dkt. No. 23. R. Letter, Exhibit.  On or about November 8, 2012, petitioner was apparently taken into custody for a violation of post-release supervision, and argues that his continued custody is invalid because post-release supervision was not part of his original sentence.  Motion at 5; http://nysdoccslookup.doccs.ny.gov (last visited Aug. 1, 2013).

## C.    Discussion

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless there is an "absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254 (b).  To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively.  Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in the habeas corpus petition.  Substantive exhaustion requires that a petitioner "fairly present" each claim for

6

habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1981). Finally, the petitioner must have used the proper procedural vehicle so that the state court may pass on the merits of petitioner's claims. *Dean v. Smith*, 753 F.2d 239, 241 (2d Cir. 1985); *Barton v. Fillion*, No. 9:03-CV-1377 (DNH/GJD), 2007 WL 3008167 at *5 (N.D.N.Y. Oct. 10, 2007).

Petitioner concedes that he has not commenced any state court proceedings challenging post-release supervision, and his claim is therefore unexhausted. Dkt. No. 24. The fact that petitioner's proposed claim is unexhausted does not necessarily render it futile for purposes of permitting or denying an amendment pursuant to Rule 15 if he can still exhaust the claim in state court, and if this court is inclined to stay the federal petition while petitioner exhausts the claim. *Kalu v. New York*, No. 1:08-CV-4984, 2009 WL 7063100 at *7 (E.D.N.Y. 2009), *adopted by* 2010 WL 4386680 (E.D.N.Y. Oct. 28, 2010); *Gibson* v. *Artus*, No. 1:05-CV-3009, 2007 WL 2319135 at *3 (S.D.N.Y. 2007); *Ramdeo v. Phillips*, No. 1:04-CV-1157, 2006 WL 297462 at * 4 (E.D.N.Y. Feb. 8, 2006). The Supreme Court has instructed that "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts," stays should be "available only in limited circumstances" where the petitioner can show (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 275-77 (2005).

Petitioner has state court remedies available to him to exhaust his post-release

supervision claim, and there is no indication that the available state court remedies are ineffective to protect petitioner's rights.  28 U.S.C. § 2254(b)(1)(B)(I), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000).  Specifically, under New York law, inmates may challenge the administrative imposition of post-release supervision by DOCCS by filing a state court petition for a writ of habeas corpus pursuant to Article 7010 (a) of the New York Civil Practice Law and Rules.[2]  N.Y. C.P.L.R. § 7010 (a); *Hill v. Mance*, 598 F. Supp. 2d 371, 375-76 (2009) (Article 70 converted into Article 78 proceeding once inmate was released to post-release supervision); *Sinclair v. Goord*, No. 9:07-CV-1317 (LEK/RFT), 2009 WL 9056089 at *1 (N.D.N.Y. Mar. 10, 2009) (Article 70); *People ex rel Turney v. Sears*, 63 A.D.3d 1404 (3d Dep't. 2009) (Article 70); *People ex rel Burch v. Goord*, 48 A.D.3d 1306 (4th Dep't. 2008) (Article 70); *People ex rel Huff v. Warden, Rikers Island Corr. Fac.*, 856 N.Y.S.2d 25 (2008) ("A writ of habeas corpus is a proper remedy to address the legality or illegality of an administratively imposed period of postrelease supervision.") (collecting cases); *People ex rel. Melendez v. New York State Div. of Parole,* 856 N.Y.S.2d 25 (Table) (2007) ("Preliminarily, the Court rejects the [Parole] Division's claim that a writ of habeas corpus is not the appropriate forum to seek relief of a post-release supervision claim.") (collecting cases).

A stay in this case is, however, inappropriate because petitioner has not shown good cause for his failure to exhaust his post-release supervision claim prior to attempting to bring it in a federal habeas proceeding.  *Rhines*, 544 U.S. at 277.  His pro se status is insufficient

---

[2]  There are also cases in which inmates have challenged postrelease supervision by commencing Article 78 proceedings.  *Williams v. Conway*, No. 1:07-CV-0756, 2011 WL 5326264 (Article 78);  *El-Aziz v. LeClair*, No. 1:07-CV-2189, 2008 WL 4443849 at *1 (S.D.N.Y. Sept. 29, 2008) (Article 78).

to establish good cause. *Craft v. Kirkpatrick,* No. 6:10-CV-6049, 2011 WL 2622402 at *10 (W.D.N.Y. Jul. 5, 2011); *Fink v. Bennett*, 514 F. Supp. 2d 383, 389 (N.D.N.Y. 2007); *Stephanski v. Superintendent, Upstate Corr. Fac.*, 433 F. Supp. 2d 273, 279 (W.D.N.Y. 2006). The court cannot grant petitioner a stay because he failed to bring his unexhausted claim in the state courts earlier. *See Scott v. Phillips*, No. 1:05–CV–0142, 2007 WL 2746905 at *7 (E.D.N.Y. Sept. 19, 2007) ("Were the Court to grant a stay simply on the basis that petitioner did not bring the claim earlier, despite admittedly being previously aware of the facts supporting the claim, it would be defeating AEDPA's twin purposes of encouraging finality and increasing the incentives for petitioners to exhaust all claims prior to filing habeas petitions in federal court.") (quoting *Hanesworth v. Greene*, No. 1:04-CV-0145, 2007 WL 1201585 (W.D.N.Y. Apr. 22, 2007); *Hust v. Costello*, 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004) (federal courts should not "be turned into a 'jurisdictional parking lot' for unexhausted claims.") (quoting *Baity v. McCary*, No. 02 Civ. 1817, 2002 WL 31433293, at *2 (S.D.N.Y. Oct. 31, 2002) (internal citations omitted)).

Additionally, petitioner's petition challenges his underlying judgment of conviction in the Clinton County Court. Upon further briefing on his motion to amend by both petitioner and respondent, it is clear that petitioner's post-release supervision claim constitutes a challenge to actions taken by DOCCS, and not to his underlying conviction or sentence. Dkt. No. 1 at 2; Dkt. No. 21, Motion, at 5. Petitioner may therefore bring a federal habeas petition challenging the administrative addition of post-release supervision after he has properly exhausted his claims without running afoul of the AEDPA's prohibition on filing

second or successive petitions.[3]

Based on the foregoing, petitioner's motion to amend his petition to add an unexhausted claim that DOCCS improperly administratively added a term of post-release supervision to his sentence is denied.[4]

## IV.    THE PETITION

### A.    Timeliness

Respondent argues that petitioner's May 2012 petition is untimely and should therefore be dismissed.  This court agrees.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for prisoners to seek federal review of their state-court criminal convictions.  28 U.S.C. § 2244(d)(1).  The one-year period generally begins to run from the latest of several events: the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review; the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed; the date on which the Supreme Court initially recognized the constitutional right on which the petitioner bases his habeas application if that right was newly recognized and made retroactively applicable; or the date on which the

---

[3] To avoid any potential problems with the statute of limitations, petitioner should promptly pursue his post-release supervision claim in the state courts, and promptly pursue a federal habeas petition if he is unsuccessful in state court.

[4] In certain circumstances, federal courts have discretion to review and deny on the merits unexhausted claims that are "plainly meritless" (*Rhines,* 544 U.S. at 277) or "patently frivolous." *McFadden v. Senkowski*, 421 F. Supp. 2d 619, 621 (W.D.N.Y. 2006); *Wheeler v. Phillips*, No. 1:05-CV-4399, 2006 WL 2357973 at *5 (E.D.N.Y. Aug. 15, 2006); 28 U.S.C. § 2254(b)(2).  Stated another way, unexhausted claims may be reviewed on the merits only if the habeas court is going to deny the entire petition.  28 U.S.C. § 2254(b)(2).  The court declines to exercise its discretion pursuant to section 2254(b)(2).

petitioner could have discovered the factual predicate for the claim or claims presented through the exercise of due diligence (newly discovered evidence).  28 U.S.C. § 2244(d)(1)(A)-(D); *Gonzalez v. Thaler*,     U.S.    , 132 S. Ct. 641, 652-63 & n.9 (2012).

For purposes of section 2244, a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case.  *Gonzalez*, 132 S. Ct. at 653; *Saunders v. Senkowski*, 587 F.3d 543, 548-49 (2d Cir. 2009).

In this case, the New York Court of Appeals denied leave to appeal on October 9, 2003.  *Munroe*, 100 N.Y.2d 644.  Petitioner's conviction became "final" for purposes of AEDPA ninety days later, on January 7, 2004.  *Saunders,* 587 F.3d at 548-49.  He therefore had until January 7, 2005 to file a timely habeas petition.  Petitioner's petition was filed on May 7, 2012, several years after the expiration of the statute of limitations under 28 U.S.C. § 2244(d)(1)(A).

## 1.  Statutory Tolling

The limitations period under the AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is  pending[.]"  28 U.S.C. § 2244(d)(2); *Saunders*, 587 F.3d at 548.  This tolling provision "excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run."  *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000).

Petitioner filed a CPL § 440.10 motion on November 9, 2011, well after his conviction

became final and the one year limitations period under AEDPA had expired.  Because the

section 440 motion was filed and decided after the one-year limitations period expired, it

does not operate to toll the statute of limitations.  28 U.S.C. § 2244(d)(2); *Fernandez v. Artuz*,

402 F.3d 111, 116 (2d Cir. 2005); *Saunders*, 587 F.3d at 548 *Smith*; 208 F.3d at 16-17;

*Monroe v. Rock*, No. 6:09-CV-6366, 2011 WL 1792926 at *2 (W.D.N.Y. May 10, 2011).

### 2. Equitable Tolling

The AEDPA's one-year statute of limitations period is subject to equitable tolling in

"appropriate cases."  *Holland v. Florida*,     U.S.     , 130 S. Ct. 2549, 2560 (2010).  To

warrant equitable tolling, a petitioner must show "(1) that he has been pursuing his rights

diligently, and (2) that some extraordinary circumstance stood in his way" that prevented

timely filing.  *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (emphasis

deleted)).  Whether a circumstance is extraordinary depends on "how severe an obstacle it is

for the petitioner endeavoring to comply with the AEDPA's limitations period."  *Rivas,* 687

F.3d 514, 538 (2d Cir. 2012) (quoting *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008)).

Additionally, a petitioner must "demonstrate a causal relationship between the

extraordinary circumstances on which the claim for equitable tolling rests and the lateness of

his filing, a demonstration that cannot be made if the petitioner, acting with reasonable

diligence, could have filed on time notwithstanding the extraordinary circumstances."

*Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000).  If a petitioner did not exercise

reasonable diligence after the extraordinary circumstance began, "the link of causation

between the extraordinary circumstances and the failure to file is broken, and the

extraordinary circumstances therefore did not prevent timely filing."  *Baldayaque v. United*

*States*, 338 F.3d 145, 150 (2d Cir. 2003) (quoting *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001)); *Mason v. Pool*, 554 F. Supp. 2d 391, 397-98 (W.D.N.Y. 2008).

Petitioner has not alleged any "extraordinary circumstances" that prevented him from filing his petition on time.  He claims that he has "only a 9th grade education" and "had to learn how to do legal research" on his own and how to prepare a section 440 motion.  Dkt. No. 4, Affidavit at 1-2.  The fact that petitioner may have difficulty understanding the law, however, does not warrant tolling because pro se petitioners "bear[] the burden of learning the applicable procedural rules in federal court and abiding by them when seeking review." *Hill v. Superintendent, Gowanda Corr. Facility*, No. 1:08-CV-4508, 2009 WL 560690, *3 (E.D.N.Y. Mar. 4, 2009); *see Artis v. Huliahn,* No. 1:09-CV-9893, 2010 WL 4668926 at *4, n.3 (S.D.N.Y. Nov. 12, 2010) ("petitioner's allegation that he has a low level of academic achievement is insufficient to meet equitable tolling."); *Scott v. Comm'r of Corr.*, No. 3:07-CV-1420, 2008 WL 5172644 at *3 (D. Conn. Dec. 10, 2008) (lack of education argument was "insufficient to warrant equitable tolling."); *Worsham v. West*, No. 1:05-CV-0530, 2006 WL 2462626 at *2 (S.D.N.Y. Aug. 23, 2006) ("Mere ignorance of the law does not qualify as an extraordinary circumstance warranting equitable tolling in habeas cases.").

To the extent that petitioner is arguing that he had difficulty researching and preparing his papers due to his incarceration, that also does not constitute a ground for equitable tolling because it is not extraordinary.  *Phillips v. LaValley*, No. 1:10-CV-0997, 2012 WL 443856 at *13 (W.D.N.Y. Feb. 10, 2012) (the fact that it took petitioner time to research law "is not an extraordinary circumstance that would justify equitable tolling."); *Corrigan v. Barbery*, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005) ("In general, the difficulties attendant on prison life, such

as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances.").

Petitioner next argues that he should be entitled to equitable tolling because no attorney would assist him in preparing his section 440 motion, and the nature of his crimes made it "nearly impossible" to find assistance from other inmates to learn how to draft a section 440 motion. Dkt. No. 4, Affidavit at 1-2. The lack of counsel to assist him, however, does not justify equitable tolling. *Jenkins v. Greene,* 630 F.3d 298, 305 (2d Cir. 2010). Additionally, the "lack of inmate law clerks to assist petitioner in preparing his petition is not a basis for an equitable toll because there is no absolute right to counsel or other legal assistance in connection with a habeas corpus petition." *Adames v. Artus*, No. 1:10-CV-0398, 2011 WL 813627, at *6 (S.D.N.Y. Jan. 20, 2011) (citing *McCleskey v. Zant*, 499 U.S. 467, 495 (1991) and *Silvestre v. United States*, 55 F. Supp. 2d 266, 268 (S.D.N.Y. 1999)), *adopted* 2011 WL 814631 (S.D.N.Y. Mar. 8, 2011). As previously noted, that petitioner was proceeding pro se and lacked sufficient knowledge of the law to prepare his state court papers on his own is insufficient to justify an equitable toll. *See, e.g., Jenkins,* 630 F.3d at 305 ("Jenkins did not file his federal petition within the allowable time limit, and his explanation for his failure to do so boils down to the claim that he was thwarted by a mistaken reading of New York case law to impose a requirement that did not in fact exist. Under the law, such a mistaken belief is not a basis for equitable tolling.").

In sum, petitioner has failed to establish that he was diligently pursuing his rights during the entire time period that he seeks to toll, or that any extraordinary circumstance

14

existed, and equitable tolling is inappropriate.

> **3.    Petitioner has not made a "gateway" showing of actual innocence that would entitle him to an equitable exception from the limitations period.**

The Supreme Court recently held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" to avoid the "expiration of the statute of limitations." *McQuiggin v. Perkins*,    U.S.    , 133 S. Ct. 1924, 1928 (2013).  The Supreme Court cautioned, however, that

> tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S., at 329, 115 S.Ct. 851; *see House*, 547 U.S., at 538, 126 S. Ct. 2064 (emphasizing that the Schlup standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U.S., at 332, 115 S.Ct. 851.

*Id.* at 1928.  To "present a successful gateway claim of actual innocence a petitioner must present 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'"  *Rivas,* 687 F.3d at 541 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).[5]  The claim of actual innocence must be "both 'credible' and 'compelling.'"  *Id.*

To make a credible claim of actual innocence, a petitioner must present "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial."  *Rivas,* 687 F.3d at 541 (quoting *Schlup*, 513 U.S. at 324).  The claim is considered compelling if the petitioner demonstrates

---

[5] "'Actual innocence' means factual innocence, not mere legal insufficiency." *Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt."  *Id.* (quoting *House v. Bell*, 547 U.S. 518, 538 (2006)). This standard "is demanding and permits review only in the 'extraordinary' case." *House*, 547 U.S. at 538 (quoting *Schlup*, 513 U.S. at 327).

In this case, liberally construing petitioner's papers, he has not advanced any credible, compelling claim of actual innocence based upon new, reliable evidence.  Pet.; Dkt. No. 4, Affidavit.  Therefore, the court need not determine whether actual innocence may operate as an equitable exception to the statute of limitations in this case.  *Rivas*, 687 F.3d at 541.  *Brockington v. Marshall*, 375 F. App'x. 157, 158 (2d Cir. 2010).

Based on the foregoing, the petition is dismissed as untimely filed.[6]


## V.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that petitioner's motion to amend his petition, Dkt. No. 21, is **DENIED**; and it is further

**ORDERED** that the petition, Dkt. No. 1, is **DISMISSED AS UNTIMELY**; and it is further

**ORDERED** that no certificate of appealability ("COA") shall issue in this case because Petitioner has failed to make a "substantial showing of the denial of a constitutional right"

---

[6] Even if the petition was timely, the state courts' rejection of petitioner's ineffective assistance of trial counsel claims was not contrary to or an unreasonable application of clearly established supreme court precedent. *Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1398, 1400 (2011) (citing 28 U.S.C. §§2254(d)(1), (2)); *Premo v. Moore*, __ U.S. __, 131 S. Ct. 733, 739 (2011); *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 788 (2011); *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

pursuant to 28 U.S.C. § 2253(c)(2);[7]  and it is further

**ORDERED** that the Clerk serve copies of this Decision and Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: August 26, 2013
         Syracuse, New York

Gary L. Sharpe
Chief Judge
U.S. District Court

---

[7]  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("§ 2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right'"); *Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, and (2) that the applicant has established a valid constitutional violation") (citation omitted)).